UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KERRY GILLIHAN

VERSUS                                              CIVIL ACTION NO.

WAITR HOLDINGS INC.

COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Kerry Gillihan, an individual of the full age of majority domiciled and residing in this district, who respectfully represents:

1. This court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the case presents a question arising under federal laws, specifically the Americans with Disabilities Act as Amended.

2. Made defendant is Waitr Holdings Inc. ("Waitr"), a foreign corporation licensed to do and doing business in this district.  Waitr is a covered employer under the ADAAA as it has more than 15 employees.

3. Waitr is in the business of providing restaurant meal ordering services to customers by means of a mobile phone app., and restaurant food delivery service to customers using Delivery Drivers employed by Waitr.

4. Mr. Gillihan was employed by Waitr as a delivery driver in the Lafayette market from January 2018 until September 2018.

4. Mr. Gillihan is deaf.

5. Throughout his employment with Waitr, Mr. Gillihan encountered issues with his "app" (a software application or program that is used online or on mobile devices) not functioning properly.

6. On August 20, 2018, Mr. Gillihan's app reflected that he was late when he was not late, and on occasions Mr. Gillihan was unable to clock in for his scheduled shift using the Waitr app.

7. Mr. Gillihan contacted Jude Mire, his supervisor, regarding the problems he was having with his app.

8. Mr. Gillihan requested to meet with Mire in an in-person meeting with an interpreter present for his disability in order to discuss the problems and issues he was facing.

9. Mire stated that he agreed to an in-person with an interpreter present, but Mr. Gillihan's attempts to follow up with Mire were never answered.

10. Waitr removed Mr. Gillihan from the schedule and never placed him to work on any shifts after this event in September 2018. No one from Waitr explained why Waitr removed Mr. Gillihan from the schedule or why Waitr refused to grant an in-person meeting to discuss problems Mr. Gillihan was having with his app despite stating that they would participate in an in-person meeting.

11. Mr. Gillihan's deafness is a "disability" within the meaning of the Americans with Disabilities Act as Amended, as it is an impairment that substantially limits one or more major life activities, namely hearing. 42 U.S.C. §12102(1)(A), 42 U.S.C. §12102(2)(A).

12. Under the ADA, Waitr is required to provide reasonable accommodations to employees with hearing loss, pending undue hardship like significant difficulty or expense.

13. A sign language interpreter is a reasonable accommodation for a person such as Mr. Gillihan who is deaf. Mr. Gillihan expressly requested this reasonable accommodation. This accommodation would not cause undue hardship to Waitr. Waitr's failure and refusal to provide a reasonable accommodation to Mr. Gillihan constitutes unlawful discrimination under the ADAAA.

14. Under the ADA, it is illegal for Waitr to discriminate against an employee such as Mr. Gillihan, who requests or needs a reasonable accommodation, unless Waitr can demonstrate that the accommodation would impose an undue hardship on the operation of its business, which it cannot do.

15. Under the ADA, Waitr is liable to Mr. Gillihan for unlawful retaliation, as 42 U.S.C. §12203(a) prohibits retaliation, providing, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." Waitr terminated Mr. Gillihan's employment in violation of this provision, because Mr. Gillihan opposed Waitr's refusal to provide a reasonable accommodation of the requested interpreter.

16. Mr. Gillihan seeks and is entitled to recover from Waitr compensatory damages, monetary losses, back pay, front pay, and damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment, reputation injury, and other non-monetary losses.

17. Waitr is liable to Mr. Gillihan for punitive damages as it acted with malice or with reckless disregard of Mr. Gillihan's federally protected rights.

18. Mr. Gillihan is entitled to reinstatement with a reasonable accommodation, or an award of front pay if reinstatement is deemed impractical or unfeasible because of animosity between Mr. Gillihan and Waitr.

19. Mr. Gillihan is entitled to recover from Waitr his attorney fees and costs incurred in bringing this action.

20. Mr. Gillihan initiated a Charge of Discrimination (Charge No. 461-2019-01752) dated September 3, 2019, with the United States Equal Employment Opportunity Commission related to the matters alleged herein. Ex. 1.

21. The United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights to Mr. Gillihan dated September 29, 2020.  Ex. 2.

22. Mr. Gillihan requests a jury trial as to all matters triable by a jury.

WHEREFORE, plaintiff, Kerry Gillihan, prays that after due proceedings are had, there be judgment rendered in his favor against the defendant, Waitr Holdings Inc., awarding him all compensatory damages and other sums to which he is entitled, together with punitive damages, attorney fees, costs, interest, and all other legal, general, and equitable relief.

Respectfully Submitted:

**SCOTT D. WILSON**
**A PROFESSIONAL LAW CORPORATION**
533 Europe Street
Baton Rouge, Louisiana 70802
(225) 388-9788; Fax 225-344-1200
Email: sdwilsonlaw@aol.com

BY: s/Scott D. Wilson
     **SCOTT D. WILSON**
      Louisiana Bar Roll # 19835